UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 1995 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> HUU TRAN <br> Defendant. | CR SA 95 125 LHM <br><br> **I N D I C T M E N T** <br><br> [18 U.S.C. § 1344(1): Bank Fraud; 18 U.S.C. § 2(b): Causing an Act to be Done; 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 1344(1), 18 U.S.C. § 2(b)]

I.  The Scheme To Defraud

1.  Beginning on or about October 1993, and continuing to on or about March 1994, in Orange County, within the Central District of California, defendant HUU TRAN knowingly and willfully executed a scheme to defraud and obtain moneys and funds under the custody and control of several financial institutions ("the victim banks"), the deposits of which were federally insured, by means of false and fraudulent pretenses, representations and promises, and the concealment of material facts.

2.  The scheme to defraud was carried out, in part, as follows:

JPW:mrg

ENTERED ON ICMS

a.  Defendant HUU TRAN obtained credit card accounts from numerous financial institutions, some of which are identified herein as victim banks.

b.  Defendant HUU TRAN submitted payments, in the form of checks, to the victim banks, knowing that the checks were drawn on closed accounts or accounts with insufficient funds. In most instances, the checks issued to the victim banks were in amounts which far exceeded the defendant's credit limit. However, since the victim banks were unaware that the checks were not valid, the victim banks duly posted the payments which in turn permitted the defendant to make purchases and cash advances up to the amount of the defendant's purported payment.

c.  Defendant HUU TRAN then used his credit card accounts to obtain cash advances and/or conduct purchases of merchandise through the use of his credit cards. The cash advances and purchases would often far exceeded the defendant's credit limit. In reliance on the validity of the fraudulent checks submitted by the defendant as payment on the credit card account, the cash advances and purchases were authorized by the victim banks. Accordingly, the victim banks honored all cash advances and purchases which did not exceed the amount of the fraudulent check(s), even though the cash advances and purchases far exceeded his credit limit.

d.  Thereafter, the checks submitted by defendant HUU TRAN to the victim banks were returned to the victim banks unpaid, because the checks were drawn against insufficient funds or the accounts on which the checks were drawn had been closed.

II. <u>Execution of the Scheme to Defraud</u>

3. On or about the dates set forth below, within the Central District of California, defendant HUU TRAN, in execution of the scheme to defraud and to obtain moneys and funds under the custody and control of the victim banks by false and fraudulent pretenses, representation, and promises, knowingly submitted the following fraudulent payments and caused the following losses to the victim banks:

COUNT I

| CREDITOR | DATE | FRAUDULENT PAYMENT | FRAUDULENT PURCHASES |
|---|---|---|---|
| FCC NAT'L BANK/ FIRST CARD VISA 4678 061 819 131 | 12/20/93 | $6,341.98 | |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $424.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $985.75 |
| | 12/26/93 | $6,341.98 | |
| | 12/26/93 | $6,341.98 | |
| | 12/28/93 | | $988.99 |
| | 12/28/93 | | $994.99 |
| | 12/28/93 | | $524.99 |
| | 12/28/93 | | $988.99 |
| | 12/28/93 | | $989.99 |
| | 12/28/93 | | $992.30 |
| | 12/31/93 | | $424.99 |
| | 12/31/93 | | $419.75 |

3


| CREDITOR | DATE | FRAUDULENT PAYMENT | FRAUDULENT PURCHASES |
|---|---|---|---|
| COUNT II | | | |
| BANK OF AMERICA MC 5432 2572 0233 6999 | 12/21/93 | $2,272.18 | |
| | 12/24/93 | | $987.75 |
| | 12/25/93 | | $212.99 |
| | 12/25/93 | | $994.99 |
| | 12/28/93 | $4,544.36 | |
| | 12/29/93 | | $520.99 |
| | 12/29/93 | | $992.30 |
| | 12/31/93 | | $733.99 |
| | 1/18/94 | $6,971.96 | |
| COUNT III | | | |
| BANK OF NEW YORK VISA 4253 3025 3337 1627 | 12/27/93 | $2,542.08 | |
| | 12/28/93 | | $994.99 |
| | 12/28/93 | | $994.99 |
| | 12/29/93 | | $474.99 |
| | 12/31/93 | $2,542.08 | |
| | 12/31/93 | $2,542.08 | |
| COUNT IV | | | |
| NATIONSBANK MC 5342 1300 0148 5243 | 12/21/93 | $7,500.00 | |
| | 12/25/93 | | $301.00 |
| | 12/25/93 | | $991.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/25/93 | | $994.99 |
| | 12/28/93 | $7,500.00 | |
| | 12/28/93 | $7,500.00 | |
| | 12/29/93 | | $522.99 |
| | 12/29/93 | | $994.99 |
| | 12/29/93 | | $994.99 |
| | 12/29/93 | | $994.99 |
| | 12/29/93 | | $994.99 |
| | 12/29/93 | | $994.99 |
| | 12/29/93 | | $987.75 |
| | 12/31/93 | | $301.00 |
| | 12/31/93 | | $424.99 |
| | 12/31/93 | | $419.75 |

...

# FORFEITURE

[18 U.S.C. § 982]

5. The allegations of Count One of this indictment are realleged and fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982.

6. As a result of the offense alleged in Count One, defendant HUU TRAN shall forfeit to the United States of America all property, real and personal, involved in the aforesaid offenses and all property traceable to such property, including but not limited to the following property:

    a. Approximately $35,508.01 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property that was involved in the aforestated offense or is traceable to such property, in violation of Title 18, United States Code, Section 1344.

    b. If any of the property described above as being subject to forfeiture, as a result of any act or omission of defendant HUU TRAN:

        i. cannot be located by the exercise of due diligence;

        ii. has been transferred, or sold to, or deposited with, a third person;

        iii. has been placed beyond the jurisdiction of this court;

        iv. has been substantially diminished in value; or

        v. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section 982(b)(1) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, that is, $35,508.01 in United States currency.

A TRUE BILL

_____
Foreperson

NORA M. MANELLA
United States Attorney

RICHARD E. DROOYAN
Assistant United States Attorney
Chief, Criminal Division

JAMES P. WALSH, JR.
Assistant United States Attorney
Chief, Organized Crime Strike Force

6