UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES — GENERAL

Case No. SA CR 95-125-LHM    Date February 23, 1998

**DOCKET ENTRY:**

PRESENT: HON. LINDA H. McLAUGHLIN, JUDGE

| D. Beard | Not Present | Marc Greenberg |
|---|---|---|
| Deputy Clerk | Court Reporter | Asst. U. S. Attorney |

| U. S. A. v. (DEFENDANTS LISTED BELOW) | ATTORNEYS FOR DEFENDANTS |
|---|---|
| (1) Huu Tran | (1) Mark S. Axup |
| XX present ___ custody XX bond ___ O/R | XX present ___ appointed ___ retained |
| (2) | (2) |
| ___ present ___ custody ___ bond ___ O/R | ___ present ___ appointed ___ retained |
| (3) | (3) |
| ___ present ___ custody ___ bond ___ O/R | ___ present ___ appointed ___ retained |
| (4) | (4) |
| ___ present ___ custody ___ bond ___ O/R | ___ present ___ appointed ___ retained |

**PROCEEDINGS:** SENTENCING

Cause called. Hearing held. Court confirms prior acceptance of guilty plea and now accepts plea agreement.

Defendant is sentenced to Count I of the Indictment as shown on the attached copy of Judgment and Commitment.

Defendant is advised of his appeal rights.

copies to:

Mark S. Axup
Mark S. Axup Law Office
655 University Avenue, Ste 121
Sacramento, CA  95825

AUSA Marc Greenberg
Office of U.S. Attorney
600 W. Santa Ana Blvd., Ste 1100
Santa Ana, CA  92710

U.S. Probation
U.S. Marshal

Pre-Trial Services
Fiscal

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: _____

DEPUTY CLERK

ENTERED ON ICMS 28

MINUTES FORM 6
CRIM — GEN                    D — M                    Initials of Deputy Clerk _____

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No. SA CR - 95-125-LHM |
| Defendant's Name TRAN, HUU | Social Security No. 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 |
| & Residence Address 1201 North Mountain View Santa Ana, CA 92703 | Mailing Address 1201 North Mountain View Santa Ana, CA 92703 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

MONTH DAY YEAR
Feb. 23, 1998

**COUNSEL**

[ ] WITHOUT COUNSEL — However, the Court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the Court and the defendant thereupon waived assistance of counsel.

[XX] WITH COUNSEL  Mark Axup
(Name of Counsel)

**PLEA**

[XX] GUILTY, and the Court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**

There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of:
18 U.S.C. S1344(1): Bank Fraud

**JUDGMENT AND PROB./COMMITMENT ORDER**

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: one (1) day with credit time served of one day. The defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318;
2. If the amount of mandatory assessment imposed by this judgment remains unpaid at the commencement of the term of community supervision, the defendant shall pay such remainder as directed by the Probation Officer;
3. The defendant shall reside for a period of eight(8) months in a community corrections center as directed by the Probation Officer and shall observe the rules of that facility;
4. The defendant shall comply with the rules and regulations of the Immigration and Naturalization Service (INS), and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. Within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office, located at: 319 Federal Building, 34 Civic Center Plaza, Santa Ana, CA 92701.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

[ ] This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed By: [X] U.S. District Judge  *McLaughlin*  2/23/98    [ ] U.S. Magistrate Judge

SHERRI R. CARTER
~~FRANK E. GOODROE~~, CLERK

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Dated/Filed  2/23/98    By _____ Deputy Clerk

AO-245-A  (01/90)

United States District Court
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | SA<br>Docket No. CR - 95-125-LHM |
| vs | |
| TRAN, HUU | Date 2/23/98 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

Continued from Page 1

    5. As directed by the Probation Officer, the defendant shall provide to the Probation Officer an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer.
    6. The Defendant shall participate in a psychological counseling program, which includes counseling regarding gambling as approved and directed by the Probation Officer.

It is further ordered that the defendant shall pay to the United States a special assessment of $50.00.

Pursuant to Government's motion, Counts 2, 3 and 4 and the Forfeiture Count are dismissed.

Bond to be exonerated upon satisfactory completion of residency at community corrections center.

Signed By: [X] U.S. District Judge _McLaughlin_
2/23/98

[ ] U.S. Magistrate _____

SHERRI R. CARTER
LEONARD A. BROSNAN, CLERK

Dated/Filed _____ By _____
                                                                                                                                           Deputy Clerk

AO-245-B (01/90)                                 Page Two of Two Pages

DEFENDANT:
CASE NUMBER:

## Rule 32
## FINDINGS AND STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report *and supplemental letter dated 1/20/98.*

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __11__

Criminal History Category: __I__

Imprisonment Range: __8__ to __14__ months

Supervised Release Range: __3__ to __5__ years

Fine Range: $ __2,000__ to $ __20,000__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ __12,710.68__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☒ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

*See Attachment "A"*

DATE: __2/23/98__

__McLaughlin__
LINDA H. McLAUGHLIN
UNITED STATES DISTRICT JUDGE

ATTACHMENT "A"

--1.  **Probation not available.**  The Probation Officer recommends a sentence of three (3) years probation with a condition of six (6) months home detention.  The Government has no objection to this sentence.
    However, the Sentencing Guidelines do not permit thie imposition of this sentence for the following reasons:
    (a)  Bank Fraud is a Class B felony; Defendant is guilty of bank fraud.  A sentence of probation may not be imposed if the offense of conviction is a Class B felony.  U.S.S.G. 5B1.1(b)(1).
    (b)  The applicable guideline range is Zone C.  Where the applicable guideline range is Zone C, the guidelines do not authorize a sentence of probation.  U.S.S.G. 5B1.1, App. N. 2.

--2.  **Sentence:**  The Court will sentence closely to the unopposed recommendation, but as permitted by the Sentencing Guidelines, to wit:  Three (3) years of supervised release on conditions of one (1) day of custody, which Defendant served on the day of arrest; and eight (8) months in a community confinement center (the low end of the range).